†SAYLES *v.* DUBUQUE & SIOUX CITY R. CO.

*(Circuit Court, D. Iowa.* In Chancery.)

PER CURIAM, (DILLON AND LOVE, JJ., *concurring.*) We have considered the points made in argument upon the demurrer to the bill. We have no time to elaborate our views. It must suffice to state our conclusions. We do this at this time so that the cause may proceed. These conclusions are not on all the points so fixed as to preclude further argument and consideration on the final hearing. The views which we now entertain of the questions made are as follows: * * *

*Fourth.* As to the statute of limitations. We are of opinion that the state statute of limitation has no application to suits in respect of the rights granted by letters patent for inventions. This bill was brought in February, 1877. The original term expired July 6, 1866; the extended term, July 6, 1873. The act of congress of 1870, section 55, prescribed that "all actions shall be brought during the term for which the letters patent shall be granted or extended, or six years after the expiration thereof." This limitation continued in force until the first day of December, 1873, when the Revised Statutes took effect, repealing it. Since the original and extended term of a patent may be and often is held by different persons, and since the language of the limitation statute of 1870 is ambiguous,—in view of the injustice to defendants of requiring them to account for profits made any time since the date of the original patent in 1852, a period of 25 years, where the proofs may be lost,—we are of opinion that their right is barred to recover for profits or damages during the original term. An inquiry of profits or gains within a period of five years is difficult, as the profits gained depend upon many conditions. When we come to carry such an investigation back for almost a quarter of a century, accuracy of results is almost impossible, and the laches of a patentee coming forward at such a late date does not give him a very favorable position in a court of equity. What is the proper rule to measure compensation in a court of equity is a question not arising on the demurrer, and it is not implied from the above use of the words "profits and gains."